# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BRENDAN SCHRIBER<br><br>Defendant. | 3:19-cr-560<br><br>**DEFENDANT'S MOTION<br>FOR DISCOVERY** |

Defendant Brendan Schriber (Mr. Schriber), by and through his undersigned counsel, files this Motion for Discovery respectfully seeking an order that information responsive to all the discovery requests listed below be produced or made available to Mr. Schriber's counsel at the earliest possible time, pursuant to Rule 16(d)(1), 12(e), and 57 of the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, the Fifth and Sixth Amendments to the Constitution, the Jencks Act 18 USC § 3500 et seq.; *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, including *Giglio v. United States,* 405 U.S. 150 (1972); and *Kyles v. Whitley*, 514 U.S. 419 (1995). Counsel specifically requests that all information be provided at the earliest possible time, regardless of any time tables contained in the Federal Rules of Criminal Procedure or in the United States Code, so Counsel may adequately prepare for trial, and the Court may timely rule on any subsequent Pre-Trial Motion of either party which may be made as a result of reviewing the discovery sought herein.

## DISCOVERY REQUESTS

**I.    Fed. R. Crim. P. 16 Material**

1. All relevant written or recorded statements made by Mr. Schriber. Rule 16(a)(1)(B).

2.  All oral statements made by Mr. Schriber which the government[1] intends to offer in evidence at trial. Rule 16(a)(1)(A).

3.  All recorded testimony of Mr. Schriber before any grand jury that relates to the offenses to be litigated at trial, including all offenses which the government may seek to prove as the elements of the offenses charged in the indictment. Rule 16(a)(1)(B)(iii).

4.  The right to inspect, copy or photograph all books, papers, documents,[2] photographs, tangible objects, buildings or places, or copies or portions thereof, which are:

    a.  Material to the preparation of the defense;

---

[1] For purposes of this discovery motion request, the term "the government" includes any and all federal, state or local law enforcement agencies or prosecution offices that have participated in this case including, but not necessarily limited to, the FBI, the United States Attorney's Office for the District of South Carolina ("USAO-DSC"); and any and all law enforcement agencies who participated in the investigation.

[2] As used in this motion, "document" shall have the broadest meaning permitted by the rules of the Court, and should include all documents within the government's possession, custody, or control or for which it has the right or ability to request, review, or access, including all originals, copies (if originals are not available), non-identical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise), and drafts, whether printed or recorded (through sound, video, or other electronic, magnetic, or digital recording system), or reproduced by hand, including but not limited to, letters, correspondence, telegrams, telexes, agency memoranda, intermediary memoranda, other memoranda, records, summaries of personal conversations or interviews, minutes or records or notes of meetings of conferences, notepads, notebooks, postcards, "Post-IC notes, stenographic notes, opinions, or reports of advisors of consultants, opinions, or reports of experts, projections, financial or statistical statements or compilations, analyses, confirmations, publications, articles, books, pamphlets, manuals provisions, desk reviews, audits, rate sheets, circulars, microfilm, microfiche, reports, studies, logs, surveys, diaries, maps, charts, graphs, bulletins, Photostats, speeches, data sheets, pictures, photographs, illustrations, blueprints, films, drawings, plans, tape recordings, videotapes, disks, diskettes, data tapes or readable computer-produced interpretations or transcripts thereof, electronically transmitted messages, interoffice communications, advertising, packaging, and promotional materials and any other writings, papers, FBI 302s, agent notes, notes of government attorneys, audio and video recordings, electronic communications (emails, text messages, internet postings, blogs or social media postings through Facebook®, Twitter®, Instagram®, LinkedIn® or other social media websites), telephone messages, telephone toll records, the substance of any oral conversations, and tangible things of whatever description whatsoever.

      b.      Intended for use by the government as evidence at trial;[3] or

      c.      Were obtained from, or belonged to Mr. Schriber. Rule 16(a)(1)(E).

5. Any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are material to the preparation of the defense or are intended for use by the government at trial. This includes, but is not limited to, handwriting analyses, fingerprint analyses, voice analyses, tape recording analyses, polygraph examinations, and examinations to determine the date a document was prepared or signed. Rule 16(a)(1)(F).

## II. Witnesses

6. The names, addresses, and current telephone numbers of all witnesses the government intends to call at trial for any purpose, and all statements or writings of any kind, including handwritten notes, made from the government's interview of such persons.

7. The names, addresses, and current telephone numbers, and criminal records of all persons who were interviewed in connection with this case, but who will not testify as witnesses for the government at trial and all statements or writings of any kind, including handwritten notes, made from the government's interview of such persons.

8. All statements or writings of any kind, including but not limited to handwritten notes, in possession of the government made by any person or obtained from any person by the government or created by government agents or government attorneys which contain information concerning or referencing Mr. Schriber.

9. The names and classifications of all government or local agents, government attorneys or other government employees, who met with, talked to, or who were present at any meeting or discussion held with any informants of the government during the investigation of the offenses for which Mr. Schriber is charged.

10. With respect to potential government witnesses:

      a.      Any and all documents reflecting consensually monitored conversations between any person who agreed to participate in and consent to the recording of the conversation at the request of the government.

---

[3] We request that any items in this category be specifically identified from among the materials that must be produced pursuant to Mr. Schriber's discovery requests, both to enable counsel to prepare effectively for trial and to afford Mr. Schriber an opportunity to move to suppress or exclude *in limine* with respect to any evidence the government intends to use in its case-in-chief. Rule 12(b)(3) and 12(d)(2).

    b.    Any and all threats, expressed or implied, direct or indirect, or other coercion directed against any potential government witness, including without limitation, threats of criminal or regulatory action.

    c.    Any statements made by any law enforcement official to any potential government witness that the government or any government agent tended to doubt the individual's credibility or the veracity of statements he or she has made.

    d.    All documents concerning prior criminal convictions or guilty verdicts or juvenile adjudications of each potential government witness.

    e.    All documents concerning prior or subsequent misconduct, criminal acts, or other bad acts of each potential government witness, including, but not limited to, allegations of criminal conduct, allegations of conduct in violation of any federal, state, regulatory, or self-regulatory organization regulation or rule, or allegations of violations of any agreement that the witness has with the government.

    f.    A description of any documents supporting any and all considerations or promises of consideration given by any law enforcement official to or on behalf of any potential government witness. Such "consideration" includes anything that arguably could provide an interest, motive, or bias in the witness in favor of the government or against Mr. Schriber, including any offers, promises, or suggestions that the government would make recommendations to, provide or not provide information to, or notify or not notify other law enforcement or regulatory agencies, including foreign law enforcement or regulatory agencies of the witness's cooperation with the government. Such considerations or promises of consideration specifically include any offers, suggestions, or promises that the government would not bring certain charges, or would not seek criminal or civil forfeiture of the alleged proceeds of any crimes committed, or which the government contended had or might have been committed, by the potential witness.

    g.    A description of, and any document supporting, any requests or complaints made to the government by a potential government witness that would demonstrate any hope or expectation on the part of the individual for favorable government action on his or her behalf (regardless of whether or not the government has agreed to provide any favorable action). Such favorable government action specifically includes declining to bring money laundering charges or seeking criminal or civil forfeiture actions against the potential witness or his property.

    h.    All documents concerning negotiations between the government and the potential government witnesses or their counsel concerning actual or potential criminal charges, including, but not limited to, draft plea agreements. This request includes, but is not limited to any draft agreement

       or other correspondence suggesting that the potential government witness would or could be charged with additional charges that the government would or could seek criminal or civil forfeiture of the alleged proceeds of any crimes committed or which the government contended had or might have been committed by the potential witness.

i. All documents concerning negotiations between the government and the potential government witnesses or their counsel concerning actual or potential criminal charges, including, but not limited to, draft plea agreements. This request includes, but is not limited to any draft agreement or other correspondence suggesting that the potential government witness would or could be charged with additional charges that the government would or could seek criminal or civil forfeiture of the alleged proceeds of any crimes committed or which the government contended had or might have been committed by the potential witness.

j. The substance of any attorney proffer provided by an attorney for any witness whom the government expects to call as a witness in the trial. *United States v. Triumph Capital Group, Inc.*, 544 F.3d 149 (2nd Cir. 2008).

k. All documents reflecting advice given by an attorney for the government or a law enforcement agent to a potential government witness concerning whether or not to agree to be interviewed by an attorney or investigator for a potential criminal defendant or the factors that the potential government witness should consider in making such a decision.

l. All documents not otherwise requested that might potentially reflect either the motivation of a potential government witness to favor the government or be biased against a defendant.

m. Any written or oral statements made or executed by any potential government witness that the government knows, or through reasonable diligence should know, are false, including, but not limited to, statements made in tax returns or statements made in proffers or other interviews with law enforcement, grand jury testimony, or testimony in another proceeding, whether criminal or civil.

n. Any written or oral statement made by any potential government witness which in any way contradicts or is inconsistent with other statements he or she has made.

o. A copy of all medical and psychiatric reports or any other document or information known to the government concerning any potential government witness that arguably affects the individual's credibility or ability to perceive, relate, or recall events. This request includes, but is not limited to, information demonstrating that the individual is or was suffering from any

5

> physical or mental disability or emotional disturbance, or is or was using, dependent upon, or addicted to drugs or alcohol at any time.

11. The same records and information requested in items (10) (a) through (o) with respect to each non-witness declarant whose statement the government intends to offer, or is considering offering, in evidence.

12. To the extent not requested above, any documents provided to the government concerning civil suits involving any potential witnesses or defendants.

### III. Statements of Co-Defendants and Co-Conspirators

13. All written or recorded statements made by any claimed co-conspirator.

14. The substance of all oral statements that the government intends to offer in evidence at trial, made by any claimed co-conspirator.

15. The substance of all statements of alleged co-conspirators, which the government intends to offer in evidence at trial under the co-conspirator exception to the hearsay rule.

16. A list of the names and addresses of any and all alleged co-conspirators.

### IV. Informants

17. The names, addresses, current telephone numbers and criminal records of any informants, special employees or special investigators used in the investigation of this case, or persons hired, directed, requested and/or paid by the government to investigate or obtain information in any manner whatsoever in the investigation of this case.

18. The rules or regulations of any investigative agency by which any informant or special employee was hired, employed, or requested to participate in the investigation of this case.

19. All recorded or written memoranda or conversations discussed with or statements made by informants or special employees of the government.

20. The names and classifications of all investigative agents, government attorneys or other government employees, who met with, talked to, or who were present at any meeting or discussion held with any informants and/or witnesses of the government during the investigation of the offenses for which Mr. Schriber is charged.

21. Whether any government or local agent or anyone acting at the direction or behest of the government has talked with or communicated with Mr. Schriber pertaining to this case; if so, the name of such agent, informant, or special employee together with all other facts and circumstances pertaining to the conversation.

### V. Electronic Recording and Surveillance

22. All tape recorded conversations and any transcripts thereof, or other electronically obtained information made in connection with this case.

23. Any and all documents reflecting consensually monitored conversations between any person who agreed to participate in and consent to the recording of the conversation at the request of the government.

24. Any and all documents reflecting a request by an agent for the government to audio and/or video record the interview of any witness for the government and any documents reflecting the resolution of that request.

25. If any conversation involving Mr. Schriber or any attorney for Mr. Schriber has been electronically recorded, disclose:

    a. A copy of such recording;

    b. The authority for making such intercepted recording;

    c. The date the recording was made; and

    d. The identities of all the speakers therein.

### VI. Searches and Seizures

26. All searches and seizures made and detailed information regarding the times, dates and places thereof, together with the authority for such search and seizure, copies of any search warrants and affidavits in support thereof, and a listing of the items seized.

27. All evidence concerning any searches and/or seizures made by the government or its agents that would tend to taint or make illegal such searches and/or seizures.

28. Whether any U.S., foreign, or private mail or other correspondence sent to or by Mr. Schriber or any co-conspirator was intercepted or otherwise inspected.

29. If any "mail cover" did exist, as referred to above, detail:

    a. The circumstances under which it was instituted including the names and positions of all persons who authorized it;

    b. The procedure under which it was instituted, including the names and positions of all persons involved therein;

    c. The purported jurisdiction for its institution;

    d. The information it produced;

    e.    The names and positions of all persons to whom such information was transmitted and the dates of such transmissions; and

    f.    The use of such information.

### VII. Jencks Act Material, (18 U.S.C. § 3500)

30. All communications, statements, memoranda, notes and/or documents from a government witness or confidential informant to any member of the government's investigative and prosecution team (whether an investigator, agent or government attorney) that fall within the ambit of the Jencks Act, including but not limited to emails, voicemails, text messages or other types of mechanical or electronic communications.

31. All communications, statements, memoranda, notes and/or documents from any government agent to any government attorney that fall within the ambit of the Jencks Act, including but not limited to emails, voicemails, text messages or other types of mechanical or electronic communications.

32. All communications, statements, memoranda, notes and/or documents from a government witness or confidential informant to a government agent that the government contends does not fall with the ambit of the Jencks Act, including, but not limited to, communications or statements of any kind made by electronic recording or other type of mechanical or electronic means.

33. Transcripts of all testimony or other information provided to the grand jury in connection with this case, to include but not limited to transcripts of the indictment presentation, transcripts of the testimony of witnesses and testimony in connection with the return of subpoenas issued by the grand jury along with a log of all subpoenas issued in connection with the investigation that led to the indictment.

### VIII. *Brady & Giglio* Material

34. All evidence, in whatever form, favorable to Mr. Schriber on the issues of guilt, innocence or punishment, without regard to materiality. This includes any documents or information that would tend to exculpate Mr. Schriber with respect to the charges in the indictment, that may be favorable or useful to the defense with respect to the charges in the indictment, that may be favorable or useful to the defense with respect to either guilt or punishment, or that may tend to affect the weight or credibility of the evidence to be presented against Mr. Schriber. This should include all documents and things that are material to the preparation of the defense, material to the elements of crimes charged in the indictment, or will play a significant role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, and assisting impeachment and rebuttal by Mr. Schriber.

35. All writings, recordings and photographs relating to offers, threats or inducements made to any person in an effort, whether successful or not, to obtain testimony in this case.

36. The name, address and current telephone number of any person who has given information exculpatory to Mr. Schriber and any writings, recordings and photographs relating thereto.

37. All correspondence from representatives of the government with any individual whom the government intends to call at trial or at any hearing in connection with this case.

38. The existence and substance, and the manner of execution or fulfillment of any promises, agreements, understandings or arrangements, either oral or written between the government and any prosecution witnesses, or their attorneys or representative, wherein the government has agreed:

    a. Not to prosecute the witness or some individual with a close association to the witness for any crime or crimes;

    b. To provide a formal grant of statutory immunity or use immunity in connection with any testimony given by him;

    c. To recommend leniency in sentencing for any crime or crimes for which he may be charged or convicted; and

    d. To make any other recommendation of benefit or to give any other consideration to him.

39. All documents including final and drafts associated with plea agreements, proffer agreements, cooperation agreements with the United States or any other agreement to advise any authority of the witnesses cooperation.

40. All documents associated with prior investigations involving government witnesses, and the substance of conversations with defense counsel representing government witnesses that led to their cooperation.

41. All emails or text messages or the content of any substantive communications between government agents and/or attorneys and the witnesses (including government agents) who the government intends to call at trial.

42. Whether any person interviewed in connection with the government's investigation of this case has been given a psychological or psychiatric examination; and if so, list such person, the date of the examination, the examiner, and provide the results of such examination.

43. All documents or information showing that two or more witnesses provided materially different accounts to the government regarding any particular event or circumstance relating to any other allegations in the indictment.

44. All documents (including but not limited to notes taken by agents and/or prosecutors and FD-302 or other summaries of interviews in both final and draft

forms) reflecting statements and comments made and opinions offered by potential government witnesses (including lay witnesses, expert witnesses and government agents) made about the alleged crimes charged in both the original and superseding indictments.

45. Copies of all draft FD-302s and MOIs prepared by any case agent in connection with the investigation that led to the charges contained in the indictment.

46. Copies of all emails, texts, voicemails or other documents issued by, to or copying any case agents who worked on this case that relate to the investigation that led to the indictment issued in this case.

47. All guidance issued by DOJ, the FBI or the USPS listed above concerning appropriate interview techniques and protocols.

## IX. Evidence of Other Crimes, Wrongs, or Acts

48. Pursuant to Federal Rule of Evidence 404(b), please disclose all evidence of other similar crimes, wrongs, or alleged acts upon which the government may relate at any point during the trial whether during the government's case in chief, the defense case, or the government's rebuttal case to prove motive, scheme, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

## X. Grand Jury Materials and Materials Ancillary Thereto

1. Mr. Schriber requests that the government provide:

    a. All documents (including notes from government agents and attorneys) documenting any information provided by grand jury witnesses during preparation sessions with the government; and

    b. Transcripts of any and all colloquies between government attorneys and members of the grand jury in regard to the grand jury investigation of Mr. Schriber, including but not limited to indictment presentations, conflicts inquiries with the potential grand jurors and any discussion with the members of the grand jury related to this investigation.

    c. All forms, letters, notices, electronic database entries or other documents indicating the commencement of any relevant investigations by any law enforcement agency or office, including but not limited to: the empanelment of one or more grand juries; the submission of any Rule 6(e) letters; the designation of agents to receive grand jury materials; and all administrative documents pertaining to any such relevant investigations.

XI.     **Other Items**

    2.    To the extent not requested above, all exculpatory or impeaching material in the government's possession, custody, or control, or otherwise known or through the exercise of diligence reasonably should be known to the government. We request prompt production of this information because the information is necessary to (i) enable the defense to determine what motions *in limine* are necessary; (ii) allow counsel to prepare for trial; and (iii) allow counsel to prepare for meaningful cross-examination of any witness who may testify on behalf of the government.

    Respectfully submitted,

s/Deborah B. Barbier
Deborah B. Barbier (#6920)
Deborah B. Barbier, LLC
1811 Pickens Street
Columbia, SC 29201
803-445-1032
803445-1036 -fax
dbb@deborahbarbier.com


Steven David Feldman
Murphy & McGonigle, P.C.
1185 Aveneue of the Americas, FL 21
New York City, NY 10036
212-880-3988
212-880-3988 – fax
sfeldman@mmlawus.com


*Attorney for Defendant Brendan Schriber*


July 16, 2018
Columbia, South Carolina

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has this date been served upon all parties to this suit through counsel by filing into the Court's electronic filing system and, for non-participants, by placing same in the U.S. mail, postage prepaid and properly addressed on this 16th day of July, 2018.

s/ Deborah B. Barbier
Deborah B. Barbier